# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| GREGORY A. OSCARS,<br><br>    Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>    Defendant. | No. 15-CV-02095-CJW<br><br>**MEMORANDUM OPINION AND ORDER** |

## I.    INTRODUCTION

Plaintiff, Gregory A. Oscars (claimant), seeks judicial review of a final decision of the Commissioner of Social Security (the Commissioner) denying his application for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1385 (sections 1384 and 1385 omitted; section 1382k repealed Dec. 29, 1981). Claimant contends the Administrative Law Judge (ALJ) erred when she failed: (1) at Step 5, to find claimant met the criteria for a "special profile" of a disabled person because he was of advanced age, had a severe impairment, had limited education, and no relevant work experience; and (2) at Step 4, to properly evaluate the work-related limitations from an examining psychologist in arriving at claimant's residual functional capacity assessment. The Commissioner argues that claimant does not meet the special profile criteria because claimant does not have a limited education and that substantial evidence in the record as a whole supports the ALJ's residual functional capacity assessment.

For the reasons that follow, the Commissioner's decision is affirmed.

## II. FACTUAL BACKGROUND

Claimant was born in 1959 and was fifty-six years old at the time of the ALJ's decision. AR 42.[1] Claimant attended special education courses, completed the eighth grade, and later received his general education degree (GED), and attended some college courses. AR 43, 409, 434, 880, 1025. Claimant has no past relevant work. AR 21. Claimant alleged he became disabled on December 31, 2001. AR 231-39.

## III. PROCEDURAL BACKGROUND

Claimant filed his application for disability benefits on May 29, 2013. AR 231-39, 271. The Commissioner denied claimant's application initially and upon reconsideration. AR 11, 116-19, 122-25. Claimant, then, requested a hearing before an ALJ. ALJ Julie K. Bruntz conducted a hearing on April 7, 2015 (the hearing), and issued a decision denying claimant's application on April 17, 2015. AR 11-23, 35-69. Claimant sought review by the Appeals Council, which denied review on September 14, 2015 (AR 1-4), leaving the ALJ's decision as the final decision of the Commissioner.

On November 12, 2015, claimant filed a complaint in this Court seeking review of the Commissioner's decision. Doc. 3. On April 12, 2016, with the consent of the parties, United States District Court Chief Judge Linda R. Reade transferred this case to a United States Magistrate Judge for final disposition and entry of judgment. Doc. 11. The parties have now briefed the issues, and on June 28, 2016, the matter was deemed fully submitted and ready for decision. Doc. 17.

## IV. DISABILITY DETERMINATOINS AND THE BURDEN OF PROOF

A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous

---

[1] "AR" refers to the administrative record below.

period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *accord* 42 U.S.C. § 1382c(a)(3)(A), 20 C.F.R. § 416.905(a). A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the regulations. 20 C.F.R. § 416.920; *see Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007). First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see "whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities." *Dixon v. Barnhart*, 353 F.3d 602, 605 (8th Cir. 2003). "An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities." *Kirby*, 500 F.3d at 707; *see also* 20 C.F.R. §§ 416.920(c), 416.921(a).

The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 416.921(b). These abilities and aptitudes include: "(1) [p]hysical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) [c]apacities for seeing, hearing, and speaking; (3) [u]nderstanding, carrying out, and remembering simple instructions; (4) [u]se of judgment; (5) [r]esponding appropriately to supervision, co-workers and usual work situations; and (6) [d]ealing with changes in a routine work setting." 20 C.F.R. § 416.921(b)(1)-(6); *see Bowen v. Yuckert*, 482 U.S. 137, 141 (1987). "The sequential evaluation process may be terminated at step two only when the claimant's impairment

or combination of impairments would have no more than a minimal impact on her ability to work." *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007) (internal quotation marks and citation omitted).

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 416.920(a)(4)(iii), 416.920(d); *see Kelley v. Callahan*, 133 F.3d 583, 588 (8th Cir. 1998).

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's residual functional capacity (RFC) to determine the claimant's "ability to meet the physical, mental, sensory and other requirements" of the claimant's past relevant work. 20 C.F.R. §§ 416.920(a)(4)(iv), 416.945(a)(4). "RFC is a medical question defined wholly in terms of the claimant's physical ability to perform exertional tasks or, in other words, what the claimant can still do despite his or her physical or mental limitations." *Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003) (internal quotation marks and citation omitted); *see also* 20 C.F.R. § 416.945(a)(1). The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. § 416.945(a)(3). The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations. *Id*. If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(iv).

Fifth, if the claimant's RFC, as determined in Step Four, will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to

4

show that there is other work that the claimant can do, given the claimant's RFC, and his or her age, education, and work experience. *See Bladow v. Apfel*, 205 F.3d 356, 358-59 n.5 (8th Cir. 2000). The Commissioner must show not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that other work exists in significant numbers in the national economy. *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004); 20 C.F.R. § 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, then the Commissioner will find the claimant is not disabled. If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled. 20 C.F.R. § 416.920(a)(4)(v). At Step Five, even though the burden of production shifts to the Commissioner, the burden of persuasion to prove disability remains on the claimant. *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004).

## V. THE ALJ'S FINDINGS

The ALJ engaged in the five-step sequential analysis outlined above, as reflected in her written decision.

At Step 1, the ALJ found claimant was not gainfully employed and had not engaged in substantial gainful activity since May 29, 2013. AR 13.

At Step 2, the ALJ determined claimant had the following severe impairments: "organic cognitive disorder; affective/mood disorder; alcohol/polysubstance abuse disorder; and personality disorder." AR 13. The ALJ found other claimed impairments including, tremor, hypertension, historical diagnoses of schizophrenia versus psychotic disorder, and history of traumatic brain injury, were not severe. AR 14.

At Step 3, the ALJ determined claimant did not have an impairment or a combination of impairments which met or medically equaled the severity of a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 14.

At Step 4, the ALJ determined claimant's RFC. The ALJ found that claimant could perform "a full range of work at all exertional levels but with the following

nonexertional limitations: the claimant is limited to simple routine tasks, with short-lived superficial contact with the public, coworkers, and supervisors." AR 16.

At Step 5, the ALJ determined there are jobs that exist in significant numbers in the national economy that claimant could perform. AR 21. The ALJ found "claimant's ability to perform work at all exertional levels has been compromised by nonexertional limitations," but, relying on the testimony of a vocational expert, found that claimant could work as a laundry worker II, machine packager, or hand packager. AR 21-22.

## VI.   THE SUBSTANTIAL EVIDENCE STANDARD

The Commissioner's decision must be affirmed "if it is supported by substantial evidence on the record as a whole." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006) (internal citation omitted); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive. . . ."). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Lewis*, 353 F.3d at 645 (internal quotation marks and citation omitted). The Eighth Circuit explains the standard as "something less than the weight of the evidence and it allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994) (internal quotation marks and citation omitted).

In determining whether the Commissioner's decision meets this standard, the court considers "all of the evidence that was before the ALJ, but [it does] not re-weigh the evidence." *Vester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005) (internal citation omitted). The court considers both evidence which supports the Commissioner's decision and evidence that detracts from it. *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010) (citing *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008)). The court must "search the record for evidence contradicting the [Commissioner's] decision and give that evidence

appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (citing *Cline v. Sullivan*, 939 F.2d 560, 564 (8th Cir. 1991)).

In evaluating the evidence in an appeal of a denial of benefits, the court must apply a balancing test to assess any contradictory evidence. *Sobania v. Sec'y of Health & Human Servs.*, 879 F.2d 441, 444 (8th Cir. 1989) (internal citation omitted). The court, however, does not "reweigh the evidence presented to the ALJ," *Baldwin*, 349 F.3d at 555 (citing *Bates v. Chater*, 54 F.3d 529, 532 (8th Cir. 1995)), or "review the factual record de novo." *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996) (quoting *Naber v. Shalala*, 22 F.3d 186, 188 (8th Cir. 1994)). Instead, if after reviewing the evidence, the court finds it "possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the [Commissioner's] denial of benefits." *Kluesner*, 607 F.3d at 536 (quoting *Finch*, 547 F.3d at 935). This is true even in cases where the court "might have weighed the evidence differently." *Culbertson*, 30 F.3d at 939 (quoting *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992)). The court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984); *see Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) (internal citation omitted) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

## VII. DISCUSSION

Claimant argues the ALJ's decision is flawed for two reasons:

1. Claimant argues the ALJ failed, at Step 5, to find claimant met the criteria for a "special profile" of a disabled person because he was of advanced age, had a severe impairment, had limited education, and no relevant work experience. Doc. 15, at 4-12.

2. Claimant argues the ALJ failed, at Step 4, to properly evaluate the work-related limitations an examining psychologist thought were appropriate in arriving at claimant's RFC assessment. Doc. 15, at 12-15.

The Court will address these arguments separately below.

### A. *Whether claimant met the criteria for a special profile*

"Generally, where an individual [with a severe impairment is] of advanced age with no relevant work experience [and] has a limited education or less," then it "would generally follow that the claimant . . . is under a disability." Social Security Ruling (SSR) 82-63, 1982 WL 31390 (Jan. 1, 1982). *See also* 20 C.F.R. § 416.962(b) ("If you have a severe, medically determinable impairment(s) . . ., are of advanced age (age 55 or older . . . .), have a limited education or less . . ., and have no past relevant work experience . . ., we will find you disabled."). SSR 82-63, therefore, appears to create a presumption that an individual is disabled if he meets four criteria: (1) he is of advanced age (i.e., at least 55 years old); (2) has one or more "severe" medically determinable impairment; (3) has a "limited education or less"; and (4) has no recent and relevant work experience. The parties in this case dispute only the third factor; that is, whether claimant has *a limited education or less*. Claimant argues that "the Ruling directs a finding of disability where a person" meets these requirements. Doc. 15, at 4. Claimant argues the Court should reverse and remand the case "for further proceedings, including express evaluation of [claimant's] claim under the 'special profile' of 20 C.F.R. § 404.1562(b) and SSR 82-63." Doc. 15, at 12.

Before turning to whether claimant meets the criteria of having a limited education, the Court first addresses two sub-issues that arise from claimant's argument. First, claimant argues that SSR 82-63 "directs a finding of disability" if he meets the criteria. Doc. 15, at 4. The Court disagrees. SSR 82-63 is permissive in its terms; it creates a presumption of disability, but does not mandate or dictate a finding of disability even if a claimant meets all of the criteria. SSR 82-63 twice uses the word "generally,"

8

suggesting the rule provides, at most, a presumption, but not a mandate. *See*, *e.g.*, *Fogg v. Colvin*, 622 Fed. App'x 767, 768 (10th Cir. 2015) (unpublished) ("SSR 82-63 creates a presumption, not a mandate, that older claimants with limited education and work experience and severe impairments should be found disabled."); *Frames v. Barnhart*, 156 Fed. App'x 688, 691 (5th Cir. 2005) (finding that SSR 82-63 creates a presumption of disability); *Kendall v. Astrue*, Civ. No. 05-698-LPS, 2008 WL 557965, *13 (D. Del. 2008) (concluding that SSR 82-63 creates a presumption, not a mandate). Accordingly, even were the Court to find claimant met all of the criteria of SSR 82-63, the remedy would be a remand to the ALJ for further proceedings, not an automatic finding of disability.

Second, claimant requests remand and a requirement that the ALJ expressly address the applicability of the special profile ruling. The ALJ did not address SSR 82-63 in her decision. Although the ALJ did not directly address SSR 82-63, the ALJ did evaluate, at length, claimant's mental health history in determining whether he met a listed impairment and in arriving at claimant's RFC assessment. AR 14-21. Claimant does not allege that the ALJ's failure to address SSR 82-63 is itself reversible error. In *Frames*, the court found the fact that an ALJ failed to consider the applicability of SSR 82-63 or reference the ruling in her decision did not mandate reversal. 156 Fed. App'x at 692. The *Frames* Court noted that "[t]he language of the rulings is permissive, and the rulings note that there *generally* should be a finding of disability where the claimant" meets the criteria. *Frames*, 156 Fed. App'x at 692 (emphasis in original). On the other hand, Social Security Rulings are binding on an ALJ. 20 C.F.R. § 402.35(b)(1); *Sullivan v. Zebley*, 493 U.S. 521, 530 n.9 (1990); *Andler v. Chater*, 100 F.3d 1389, 1393 n.5 (8th Cir. 1996); *Newton v. Chater*, 92 F.3d 688, 693 (8th Cir. 1996).

Had claimant raised this issue and the ALJ failed to address it, the Court might find that the ALJ erred. But, claimant did not allege in his application, nor did he assert at the hearing, that he had a limited education or less. Indeed, in posing a hypothetical question to the vocational expert during the hearing, the ALJ asked the vocational expert

9

to assume claimant "has the equivalent of a high school education." AR 64. Not only did claimant not object to this hypothetical when given the opportunity to examine the vocational expert, claimant's attorney did not ask the expert to assume any less education. AR 67-68. Because the burden is on a claimant to prove a medically determinable impairment, "an ALJ has no duty to investigate a claim not presented at the time of the application for benefits and not offered at the hearing as a basis for disability." *Smith v. Astrue*, 232 Fed. App'x 617, 619 (8th Cir. 2007) (internal quotation marks and citation omitted) (holding that the mention of self-reported anxiety in the medical records, but not claimed in the application or at the hearing did not place a duty to investigate on the ALJ). *See also Pena v. Chater*, 76 F.3d 906, 909 (8th Cir. 1996) (holding that an ALJ has no obligation to investigate a claim not presented at the time of the application or raised at the hearing). *Contra Farmer v. Apfel*, No. 99-5041, 2000 WL 32021, * 3 (6th Cir. Jan. 6, 2000) (unpublished) ("Because the plaintiff presented evidence which demonstrated that she fell within the contours of this rule [SSR 82-63], the ALJ should have assessed the effect that this rule would have on his disability determination."). It is also relevant to this analysis that claimant's attorney never requested the ALJ develop the record regarding whether claimant's true education level was less than reflected by his GED. *See Onstead v. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993). The Court finds, therefore, the ALJ did not err by failing to address the applicability of SSR 82-63 because claimant did not raise the issue.

Having addressed these sub-issues, the Court turns to the disputed issue of whether, in fact, claimant has a limited education or less. If he does, then remand for the ALJ to apply SSR 82-63 would be appropriate. If he does not, then he would not qualify for the presumption under SSR 82-63.

The Social Security Administration evaluates education level in four categories: (1) Illiteracy; (2) Marginal education (generally considered at a 6th grade level or less); (3) Limited education; and (4) High school and above. 20 C.F.R. § 404.1564. "Limited education":

means ability in reasoning, arithmetic, and language skills, but not enough to allow a person with these educational qualifications to do most of the more complex job duties needed in semi-skilled or skilled jobs. We generally consider that a 7th grade through the 11th grade level of formal education is a limited education.

20 C.F.R. § 404.1564(b)(3). "High school education and above":

means abilities in reasoning, arithmetic, and language skills acquired through formal schooling at a 12th grade level or above. We generally consider that someone with these educational abilities can do semi-skilled through skilled work.

20 C.F.R. § 404.1564(b)(4).

Although claimant completed only the eighth grade in public education, he earned his GED from Hawkeye Community College in 1989, when he was thirty years old. AR 267. He also took some classes at a local community college in 2012. AR 268, 660. A GED is equivalent to a high school education. *See*, *e.g.*, *Vaughn v. Colvin*, 116 F. Supp. 3d 97, 105-06 & n.4 (N.D.N.Y. 2015) (finding a GED diploma equivalent to a high school education as defined in 20 C.F.R. § 404.1564(b)(4)); *Cooley v. Colvin*, No. 1:14-1158, 2015 WL 1518096, at *25 (D.S.C. Mar. 31, 2015) (same); *Credle v. Colvin*, No. 4:12-CV-264-FL, 2013 WL 6284987, at *5 (E.D.N.C. Dec. 4, 2013) (same); *Padgett v. Comm'r of Soc. Security*, Civ. No. 09-3731 (RBK), 2010 WL 3081440, at *15 (D.N.J. Aug. 3, 2010) (same); *Jackson v. Astrue*, No. 1:07cv00056, 2008 WL 410282, at *2 (W.D. Va. Feb. 13, 2008) (same); *Hoskins v. Astrue*, No. 07-82-GWU, 2008 WL 108767, at *6 (E.D. Ky. Jan. 9, 2008) (same); *Carroll v. Massanari*, No. 500CV0267C, 2001 WL 406227, at *4 (N.D. Tex. Apr. 17, 2001) (same). A claimant's numerical grade level establishes the level of education, absent "evidence to contradict it." 20 C.F.R. § 404.1564(b). *See also Jones v. Colvin*, No. 1:15-1650-TMC-SVH, 2015 WL 9660563, at *11 (D.S.C. Dec. 17, 2015) (stating that a claimant's "numerical grade level completed is generally considered the best measure of an individual's actual educational abilities, unless there is other evidence to contradict it."). The Social Security

Administration recognizes that "[f]ormal education . . . completed many years before [a claimant's] impairment began . . . may no longer be useful or meaningful in terms of [a claimant's] ability to work . . . [and] [t]herefore, the numerical grade level that [a claimant] completed in school may not represent [the claimant's] actual educational abilities." 20 C.F.R. § 404.1564(b).

Claimant has failed to carry his burden of proving he had a limited education or less. Claimant argues that his mental limitations arose from injuries suffered as a child and teenager. AR 738-39.[2] Long after the basis for his mental impairment began, claimant obtained his GED. The evidence in the record does not contradict that claimant's numerical grade level reflects his actual educational abilities. Claimant testified during the hearing that he does not "have any problems with reading" and reads the newspaper and the Bible. AR 43, 57. Claimant also testified that he can "do simple mathematics." AR 43. While incarcerated in November 2012, claimant read, played games, and wrote letters, occasionally. AR 659. In his June 2013 disability report, claimant denied any difficulty in reading, understanding, coherency, concentrating or writing. AR 272. Claimant completed all of the application paperwork without assistance. AR 275. When claimant applied for benefits, the "Social Security field office personnel did not notice problems with [claimant's] understanding, answering, coherency, or concentration during a face-to-face interview . . . ." AR 16.

Claimant argues that a 2013 examination by Dr. Ralph Scott, in which he found claimant's spelling score represented sixth grade skills, demonstrates that claimant has a limited education level. Doc. 15, at 6-11. Although Dr. Scott did find claimant's spelling score on one test suggested sixth grade skills, he, nevertheless, found claimant had only moderate cognitive impairments. AR 739. The ALJ considered the evidence from this one-time examination and afforded it "some, but not significant weight" because it was

---

[2] Claimant argues he fell out of a bed at 30 months' of age, fell in a wading pool at five years of age, and when 18 years old was suffered a skull fracture after being found lying next to railroad tracks. AR 738-39.

"not consistent with past records or current function information." AR 18. The ALJ then summarized evidence in the record which showed claimant functioned well in daily activities, noted that claimant was not on any medication while in prison or since being released, "[h]is IQ was noted as average,[3] and more contemporaneous neuropsychological testing in 1979 found only mild deficits." AR 18. The Court cannot conclude that the ALJ acted outside his zone of choice in giving Dr. Scott's opinion some, but not significant, weight. Nor is the Court persuaded that the single spelling test result demonstrates that claimant's numerical grade level is less than the high school equivalent reflected by his GED.

Finally, claimant argues that this case is similar to *Bair v. Colvin*, 16-CV-102 EJM, 2016 WL 1704166 (N.D. Iowa Apr. 27, 2016). Doc. 15, at 11. In *Bair*, the court found remand and an award of benefits appropriate because the ALJ relied only on claimant's GED to determine claimant did not have a limited education or less. *Bair*, 2016 WL 1704166, at *3 ("The ALJ failed to identify any evidence, other than the GED obtained years ago, to support her finding that Bair has a high school level education."). Of course, this Court is not bound by the holding of another district court judge. *See*, *e.g.*, *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." (quoting 18 J. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 134.02 [1][d], p. 134–26 (3d ed. 2011))). In any event, *Bair* is distinguishable from this case. In *Bair*, the evidence showed the claimant had IQ test results of 81 (placing her in the lowest 10% of the population) and 62 (placing her in the lowest 2% of the population). *Bair*, 2016 WL 1704166, at *2-3. The record also showed Bair could not read instructions and prior findings by ALJs suggested Bair could not write reports or perform math calculations. *Id*. In this case, as noted, claimant has a significantly higher IQ, has no difficulty reading, and can perform math calculations.

---

[3] Claimant's IQ was determined to be 93, which is in the average range. AR 17.

Further, claimant testified that he had no difficulty working while in prison, except for when others gave him directions or assignments with which he disagreed. AR 53-54.

Accordingly, the Court finds that claimant has not shown that he has a limited education or less. As such, the special profile provision of SSR 82-63 does not apply. In any event, regardless of claimant's numerical grade level, substantial evidence in the record as a whole supports the ALJ's finding that claimant's mental limitations do not require a finding that claimant is disabled based on his education.

B. *Whether the ALJ properly evaluated the work-related limitations from an examining psychologist in determining claimant's RFC assessment.*

Claimant argues the ALJ erred when the ALJ determined claimant's RFC assessment because the ALJ improperly evaluated the work-related limitations that examining psychologist, Dr. Ralph Scott, opined were appropriate. Doc. 15, at 12-15. Dr. Scott diagnosed claimant as having a "Personality Change due to traumatic head injury and cognitive/memory Deficits exacerbated by severe environmental stressors"; "Bipolar II Disorder (Recurrent Major Depressive Episodes with Hypomanic Episodes and with Hx [history] of psychosis)"; "Cannabis Abuse in partial remission"; and "Alcohol Abuse in partial remission." AR 740. Dr. Scott summarized his findings as follows:

> Presenting a long and somewhat inconsistent history of biophysical and environmental stressors, [claimant] is emotionally and cognitively fragile and currently unable to succeed in even a part time competitive or highly accommodative work setting. Despite evidence that [claimant's] behavior may have been adversely affected by head injuries, his history indicates that any such effects have been severely exacerbated by sustained environmental stressors and apparently ongoing substance abuse. Nonetheless it is conceivable that with stabilization of environmental forces including housing and counseling focused on specific behavioral objectives, [claimant] might succeed in a highly protective work setting which would reduce probability of recidivism. . . . Following are estimates of [claimant's] mental abilities with respect to work-related activities: Remember and understand instructions, procedures, and locations,

14

> marginally fair only with extensive accommodations; Carry out instructions and maintain attention, concentration, and pace, marginally poor with accommodations; Interact appropriately with accommodative supervisors, fair but with coworkers and the public, poor; Use good judgment and respond appropriately to changes in the workplace, marginally poor. [Claimant] is unable to handle cash benefits, should they be awarded.

AR 739-40. In contrast, the ALJ found claimant could perform a full range of work at all exertional levels, "but with the following nonexertional limitations: the claimant is limited to simple routine tasks, with short lived superficial contact with the public, coworkers, and supervisors." AR 16.

As previously noted, an RFC assessment is a determination of what work-related activities a claimant can perform despite the claimant's impairments. *Page*, 484 F.3d at 1043; *Lewis*, 353 F.3d at 646. This assessment is reserved to the ALJ, who need not afford any weight to opinions by medical practitioners regarding a claimant's ability to work. 20 C.F.R. § 416.927(d). *See also*, *e.g.*, *Cypress v. Colvin*, 807 F.3d 948, 950-51 (8th Cir. 2015) (noting with approval that the ALJ gave little significance to a medical practitioner's opinion whether a claimant was disabled); *Casey v. Astrue*, 503 F.3d 687, 695 (8th Cir. 2007) (holding that "the value of a medical source's opinion is found in 'judgments about the nature and severity' of a claimant's impairments; a medical source's conclusions that a claimant is '"disabled" or "unable to work"' are 'not give[n] any special significance' because such dispositive findings are reserved to the ALJ.") (quoting 20 C.F.R. § 404.1527(a)(2) & (e)(1),(3))). The claimant has the burden of proving his RFC. 20 C.F.R. § 416.920(a)(4)(iv); *accord Goff*, 421 F.3d at 790.

To be sure, the ALJ did not reject Dr. Scott's opinion; the ALJ gave his opinion "some weight." AR 18. When the ALJ considered all of the evidence, however, she found the rest of the evidence did not support the work-related limitations Dr. Scott believed appropriate. For example, claimant was able to take care of his personal needs without reminders (AR 287-89), used public transportation frequently and independently

(AR 285-86), shopped for his own needs (AR 286), cooked full meals (AR 287) and could follow written and spoken instructions (AR 284). Moreover, there was evidence in the record that claimant did well for years without psychotropic medications (AR 1144), and other records showed that when he took his medication, he had no mental health concerns (AR 1191). *See Stout v. Shalala*, 988 F.2d 853, 855 (8th Cir. 1993) ("If an impairment can be controlled by treatment or medication, it cannot be considered disabling."). And, as noted in the previous section, the ALJ found the other medical evidence in the record was not consistent with Dr. Scott's opinions which, it must be remembered, were formed upon examining claimant on a single occasion without reference to all the other evidence. Even if there was some evidence in the record to support Dr. Scott's opinions, this Court must affirm the ALJ's decision so long as substantial evidence supports it. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is not for this Court to reweigh the evidence.

Claimant argues that the ALJ improperly relied upon claimant's own statements to discount the weight afforded to Dr. Scott. Doc. 15, at 14. Claimant argues that his own testimony was unreliable and quotes a portion of the hearing transcript which claimant argues shows that claimant "was difficult to understand." Doc. 15, at 14-15. Presumably, claimant desires that the Court conclude claimant's testimony about his own ability to function is unreliable because one portion of the transcript was difficult to understand. The Court has read the transcript, in its entirety, and finds that it shows that claimant was quite understandable and a reliable reporter of his own functional abilities. Even the passage cited by claimant (AR 58-59) is understandable in its context; the claimant sought to apply a biblical lesson to a real life situation he faced in jail. Although it is a not a model of cogency, it is not so muddled that it calls into question the ALJ's reliance on claimant's testimony about his functional limitations.

Accordingly, the Court finds that substantial evidence in the record as a whole supports the ALJ's evaluation of Dr. Scott's opinion regarding claimant's work limitations, and the ALJ's residual functional capacity assessment.

## *VIII. CONCLUSION*

For the reasons set forth herein, the Court **affirms** the Commissioner's determination that claimant was not disabled. Judgment shall be entered against plaintiff and in favor of the Commissioner.

**IT IS SO ORDERED** this 26th day of January, 2017.

_____
C.J. Williams
United States Magistrate Judge
Northern District of Iowa